THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JONAS SCHAINUCK and DAVID SCHAINUCK, Appellants.

Argued June 6, 1941; decided July 29, 1941.

162

*Sydney Rosenthal* and *Benjamin J. Jacobson* for appellants. Reversible error was committed in refusing counsel's request to inspect the minutes of examination of witnesses by the fire marshal. (*People ex rel. Pincus* v. *Adams*, 274 N. Y. 447; *People* v. *Qualey*, 210 N. Y. 202; *People* v. *Walsh*, 262 N. Y. 140; *People ex rel. Hirschberg* v. *Board of Supervisors*, 251 N. Y. 156; *People* v. *Miller*, 257 N. Y. 54.)

*Charles P. Sullivan, District Attorney (Edmund C. Rowan* of counsel), for respondent. No error arose out of the refusal by the trial court to permit defendants' counsel to inspect the minutes of the examinations of the witnesses made by the fire marshal. (*People* v. *Ales*, 247 N. Y. 351.)

DESMOND, J. The defendants, father and son, appeal from a judgment convicting them of arson. The charge is that they set fire to a stock of men's clothing which was owned by a corporation controlled by them. The fire was in a store in Jamaica, Long Island, leased by the corporation and due to open the following day as one of the corporation's chain of similar shops. Substantially all the proof on which the conviction rests came from the prosecution witnesses Tunick and Leibson who were employees of the corporation at the time of the fire but were later discharged from that employment. Neither testified that he saw the fire started but each described activities and conversations of the defendants earlier on the day of the fire, which the jury might well have held were part of deliberate preparations by the defendants to burn some worthless or unsalable merchandise in order to collect the insurance on it. After the fire, say both these witnesses, the defendants made

damaging admissions to them, urged them to keep secret their knowledge of the cause of the fire and promised rewards to them for holding their tongues. Vigorous efforts were made by the defendants to discredit these witnesses and their narratives, but their testimony was accepted by the jury. There is serious question, however, as to whether the defendants were not deprived of a substantial right by the denial of their requests to be allowed to examine during the trial certain testimony given by these same witnesses in an investigation made by the public authorities before the trial.

Early in the trial, and before either Tunick or Leibson had testified, defense counsel established by cross-examination of a Deputy Fire Marshal, who had been called as a witness by the prosecution, that Tunick and Leibson had both given testimony in an investigation of this fire conducted by the New York City Fire Marshal, that each of them had appeared at least twice before this official and that each had first denied any knowledge of the fire and then on a later appearance, accused these defendants of setting it. This Deputy Fire Marshal had the stenographic minutes of these investigations with him in court and was, apparently, consulting them while he testified. Defense counsel asked the court to be allowed to examine these minutes. The District Attorney objected and the court denied the request, on the mistaken ground that such an examination was forbidden by section 779 of the former New York City Charter (Laws of 1901, ch. 466, as amd.) which section was in effect when some of this former testimony was given but had been repealed, before the trial, by the new Charter which went into effect on January 1, 1938. In any case section 779 did not make these examinations before the Fire Marshal generally privileged and confidential, but only forbade their use against the person who gave the testimony. (See *People* v. *Ales*, 247 N. Y. 351.) This refusal was, therefore, erroneous, under the rule which permits inspection by the adversary of papers used by a witness on the stand. (See *People* v. *Miller*, 257 N. Y. 54.) But the court

later qualified the refusal somewhat by offering to allow defense counsel to look at such parts of the testimony as the Deputy Fire Marshal should point to as justifying his descriptions of the testimony of Tunick and Leibson. Defense counsel did not accept this offer. We do not consider that any serious error was committed at this point.

Defense counsel asked again for the stenographic minutes of this testimony, while he was cross-examining the witness Leibson. At that point in the trial both Tunick and Leibson had admitted giving contradictory statements to the Fire Marshal, testifying that they had first told the Marshal that they knew nothing about the cause of the fire but later had told him the same incriminating story they told at the trial. Again the court denied defense counsel's request to see this former testimony, on the supposed authority of the New York City Charter and of *People* v. *Ales* (*supra*). Neither that statute nor that case supports the ruling. The majority of the Appellate Division, however, consider that the ruling was right, but for a different reason. The earlier statements made to the Fire Marshal by these witnesses were, says the Appellate Division, not contradictory of the trial testimony of Tunick and Leibson, because these witnesses had admitted at the trial that they had previously made such statements to the Marshal. This argument, as we understand it, runs thus: opposing counsel may attack the credibility of a witness by showing that he has told a different story elsewhere, but if the witness admit his inconsistencies, then the inquiry is at an end and the earlier and different statement of the witness need not be shown to opposing counsel. We do not think such a qualification of the rule of *People* v. *Walsh* (262 N. Y. 140) is appropriate in the situation we are examining. In the *Walsh* case this court said that where a witness in a criminal case testifies to having made a statement to the District Attorney and the statement is in court and inspection by the judge reveals contradictory matter, " its use for cross-examination on the question of credibility may and usually should be permitted " (p. 149). Here the con-

tradictions between his trial testimony and his story to the Fire Marshal was admitted by the witness. Was that enough? Did the defense have to rest content with that bare showing? Should not there have been an opportunity to compare, detail for detail, the conflicting versions, and to spread them both before the jury? As it stands now, the jury heard the implicating testimony at full length and with full detail, but as to the exculpating testimony it heard only the conclusory statement of the witness that his earlier testimony was to the effect that he knew nothing about the fire.

Although the testimony of Tunick and Leibson is not in the record, we have, in order to determine whether this error could be disregarded by the Appellate Division under the provisions of section 542 of the Code of Criminal Procedure, procured and examined it. We find that Tunick, on two appearances at the Marshal's office and Leibson, on one such appearance, stoutly maintained that they had neither knowledge nor opinion as to the cause of the fire. Besides this, Tunick, at least, in his sworn testimony to the Marshal, put an entirely innocent construction on certain occurrences before and after the fire which, on the trial, he so described as to make them appear to be proofs of guilt.

The jury, we think, did not have here a satisfactory opportunity to measure and weigh credibility by the use of both sets of testimony. We adopt the view that the right to scrutinize prior inconsistent statements cannot be cut off by the mere admission by the witness that he has been guilty of inconsistency. (3 Wigmore on Evidence [3d ed.], § 1037; 3 Wharton's Criminal Evidence [11th ed.], § 1309.) This we consider a just and logical application of the rule of *People* v. *Walsh*, at least in situations where the conviction stands or falls on the truthfulness of prosecution witnesses. Judge CROUCH in his opinion in *People* v. *Walsh* (*supra*), quoted some of the language of Judge COOLEY's famous opinion in *People* v. *Davis* (52 Mich. 569); we add another excerpt from the latter opinion: "* * * if

there shall be in the possession of any of its [the State's] officers information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence, the defense should be given the benefit of it." The valuable right recognized in the *Walsh* case, to confront an important witness before the jury with the details and ramifications of his various statements, will be of little use in such cases if the witness can prevent searching cross-examination on the parts and items of his earlier statement by merely saying generally that he had made such a statement. Here the earlier statements of Tunick and Leibson might, if shown to the jury, have convinced it that the witnesses who told such differing tales could not be believed on any occasion, that it was unsafe to base a conviction on their testimony. When the jury has not been allowed to make this determination for itself, we cannot say that the error is insubstantial.

The judgments should be reversed, and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.