Froessbl, J. (concurring).
I agree for affirmance, but not under section 542 of the Code of Criminal Procedure.
For many years it has been the rule in this State “ that where a witness in a criminal case testifies to having made * * * a statement and the statement is in court and an inspection of it by the presiding judge reveals contradictory matter, its use for cross-examination on the question of credibility may and usually should be permitted ” (People v. Walsh, 262 N. Y. 140, 149-150, emphasis supplied; see, also, People v. Schainuck, 286 N. Y. 161; People v. Dales, 309 N. Y. 97, 102-103; People v. Bai, 7 N Y 2d 152, 155).
*292 In Walsh we did not say that the prosecutor was required to turn over the entire statement. In Schainuck we recognized that the “ use ” of the statement was for the purpose of comparing the ‘ ‘ conflicting versions ’ ’, and spreading them both before the jury. It has thus been the invariable practice to give to a defendant access to the statement of a People’s witness only insofar as it contains contradictory matter. Indeed there can be no doubt what we meant in the Walsh case for, as recently as..a little more than a year ago, in People v. Bai (supra), we stated that on the new trial a witness’ statement, which conflicted in some respects with his testimony at the trial, “ might well be released in part to the defendant under People v. Walsh (262 N. Y. 140) ” (emphasis supplied). That is precisely what was done here.
I see no.good reason why we should now change the longstanding Walsh rule, so that, as the majority hold, even “ statements seemingly in harmony with such [witness’] testimony” must be surrendered to defense counsel because they may somehow “prove helpful on cross-examination ”. In a criminal action, the People have the burden of overcoming the presumption of innocence which rightfully belongs to a defendant and proving his guilt beyond a reasonable doubt. The courts have no right to add to the People’s burden the necessity of giving defense counsel ammunition in a game of semantics.
A defendant should of course be entitled to probe fully any contradictory matter, but oug’ht not to be permitted to embark on a fishing expedition in the expectation of discovering subtle shades of meaning and immaterial variances in a prior statement of a witness, and skillfully playing on them before the jury. Such a practice would undoubtedly prolong trials and produce confusion, without in any way promoting the ends of justice.
The rule as followed in New York State is a sound one and should not be abandoned. While we should always remember that a defendant’s rights must be zealously safeguarded, we should not forget that the rights of the People of the State ought not be whittled away by judicial decision. The majority suggest that an impartial presiding Judge might not be alert to the latent possibilities of an item in a statement, and only the defense is adequately equipped to decide as to the effective *293 use of a witness’ pretrial statement. We are not here concerned with a defense attorney’s right to exploit a witness’ pretrial statement except insofar as it affects the defendant’s right to a fair trial and the interests of justice. I refuse to concede that a Trial Judge is less able than a defendant’s attorney to see to it that this right is accorded the defendant.
Despite the majority’s doubt about the capabilities of a Trial Judge, and their fear “that something will be withheld from defense counsel which may assist him in impeaching the prosecution’s witness ”, it nevertheless votes to affirm the conviction in this capital case. It holds that we as appellate Judges may now examine the prior statements, and conclude that the variances they disclose are of such a trivial and inconsequential character that they may be disregarded. If we may, why may not the Trial Judge be given the same right in the first instance? Should he err, the appellate courts may correct him, as in any other case of error.
Since the rule enunciated in People v. Walsh (supra), and reaffirmed in People v. Bai (supra), is a sound one, which in nowise deprives defendant of a fair trial, we should not change it now. The court below faithfully followed the rule we laid down, and accordingly we should affirm.
Chief Judge Desmond and Judges Van Voobhis and Foster concur with Judge Fuld ; Judge Froessel concurs for affirmance in a separate opinion in which Judges Dye and Burice concur.
Judgment of conviction affirmed.