■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLIE STRONG, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered February 21, 1955 after a jury trial, convicting him of (a) assault in the second degree (2 counts); and (b) attempted rape in the first degree, and sentencing him, as a third felony offender, to serve a term of 2½ to 5 years on each of the two second degree assault counts, and 15 to 20 years on the attempted rape count, all sentences to run concurrently. Judgment affirmed. In our opinion the record amply sustains the jury's finding that defendant attempted to rape the complainant. The fact that he may have proceeded in an unconventional or abnormal manner is of no consequence. In any event, the jury was justified in concluding that all of defendant's acts were done in furtherance of his attempted rape. We are also of the opinion that there was no basic inconsistency between the complainant's testimony before the Grand Jury and her testimony before the trial jury. We disagree with the view of the minority that her testimony in one place or the other was perjured. In our view, the testimony in both places may be reconciled. Beldock, P. J., Brennan and Hill, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the judgment, to dismiss the fifth and sixth counts (attempted rape and assault with intent to commit rape), and to order a new trial as to the third count (assault with intent to commit robbery and grand larceny), with the following memorandum: As to the fifth and sixth counts, the evidence at the trial did not establish beyond a reasonable doubt that the defendant had any intention to commit rape or that he did any act in an attempt to have sexual intercourse with the complainant. The entire proof points to an attempt to commit a crime against nature on the complainant, i.e., anal sodomy. He made no move to unite his and the complainant's sex organs, and he never indicated by words or action

that such union was his purpose. The charge in the indictment never met the facts. The Grand Jury minutes were not in evidence and they form no part of our determination upon these two counts. However, the Grand Jury minutes have come to our hands, as will be hereafter shown, and they bear out that as to these two counts there was no evidence before the Grand Jury upon which to base them. As to the third count, the defendant was convicted primarily on the testimony of the complaining witness. At the trial the Grand Jury minutes were not made available to the defendant. He did not demand them, and hence they were not used in cross-examination of the complaining witness; nor were they received in evidence. However, it is presumed that the Assistant District Attorney trying the case had these minutes and had full acquaintance with them. The trial was consummated without them. On this appeal the District Attorney comes forward and presents the Grand Jury minutes for our consideration. The defendant consents and well he might. The District Attorney points out that the complaining witness' testimony on the trial was at fundamental variance with her testimony before the Grand Jury. This variance was with respect to matters which bear centrally upon the crimes for which defendant has been convicted, so that a grave question is raised as to the credibility of the People's principal witness. Either her testimony before the Grand Jury or her testimony before the trial jury was perjured; and the District Attorney, noting this basic discrepancy, requests a reversal and a new trial in the interest of justice. We are in accord with the District Attorney's view. At the trial the defendant did not know of this disparity in the complaining witness' testimony, but the District Attorney had the minutes available and he knew or should have known of it. It is our view that, in the light of the wide material change in the testimony, the trial jury was entitled to judge the veracity of the witness with a full disclosure of what she had said before the Grand Jury (see *People* v. *Dales,* 309 N. Y. 97, 103; *People* v. *Schainuck,* 286 N. Y. 161).