**UNITED STATES of America,**
**Appellee,**

v.

**Richard BROWNE, Appellant.**

**No. 207, Docket 27703.**

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1963.

Decided Feb. 14, 1963.

William J. Quinlan, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, and Robert J. Geniesse, Asst. U. S. Atty., New York City, on the brief), for appellee.

Gerald Zuckerman, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

■ Richard Browne appeals from a judgment of conviction on a two-count indictment for the illegal sale of narcotics, in violation of 21 U.S.C. §§ 173 and 174, after a non-jury trial. The sufficiency of the evidence to sustain the conviction is so plain that we think it not necessary to discuss it in detail.

The principal argument for reversal is based upon certain rulings made after the trial judge *suo motu* had called as a Court witness a "special employee," whose identity had been revealed as Richard Henderson. While the trial was in progress, and before both sides had rested, there was some colloquy between opposing counsel. The prosecutor took the position that he could not vouch for the credibility of the "special employee" and did not wish to call him as a witness, but he offered to put defense counsel in touch with the attorney for the "special employee," a narcotics addict out on bail on a narcotics charge, or to make affirmative efforts to locate him. Defense counsel did not accept these suggestions, but suggested the trial judge might wish to call the "special employee" as a Court witness. Nothing came of this, both sides rested, and that would have been the end of the matter but for the circumstance that defense counsel in his summation commented on the "enormous burden" placed upon the trial judge by the failure of the prosecution to call the "special employee" as a witness. The upshot was that Judge Levet caused Henderson to appear as a Court witness, and no objection was made to his doing so.

As the prosecutor had apparently foreseen, Henderson, who exhibited symptoms of narcotics addiction and required medical attention, denied knowing the Narcotics Agent who had testified concerning him and admitted only a casual acquaintance with Browne. On cross-examination a foundation was laid for proof of prior inconsistent statements, but, when testimony of the making of such

prior inconsistent statements was proffered, defense counsel conceded that Henderson had "made inconsistent statements to the Government, statements inconsistent with the testimony," and objected to affirmative proof on the ground that the concession should suffice.

It is a well-settled rule that a judge presiding over a criminal trial in a federal District Court may, in the exercise of a sound discretion, and in the interest of justice and the ascertainment of truth, call witnesses whom the parties have not seen fit to call. Johnson v. United States, 1948, 333 U.S. 46, 54, 68 S.Ct. 391, 92 L.Ed. 468 (dissenting opinion of Frankfurter, J.); United States v. Marzano, 2 Cir., 1945, 149 F.2d 923, 925; Young v. United States, 5 Cir., 1939, 107 F.2d 490, 493; 9 Wigmore, On Evidence, § 2484, page 268 (3rd ed. 1940); McCormick, On Evidence, § 8, page 14 (1954 ed.); Annot., 67 A.L.R.2d 538, 540–541 (1959). That the calling of Henderson was a proper exercise of discretion seems too plain for comment. When such a witness is called, either of the parties is entitled to impeach him by the usual methods, including proof of prior inconsistent statements. United States v. Lutwak, 7 Cir., 1952, 195 F.2d 748, 754–755, affirmed, 1953, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593, rehearing denied, 345 U.S. 919, 73 S.Ct. 726, 97 L.Ed. 1352; Young v. United States, supra, 107 F.2d at 494; 3 Wigmore, supra, § 910, page 423; McCormick, supra, at page 14; 67 A.L.R.2d supra, at pages 551–553. Nor was the prosecutor required to forego offering testimonial proof of the making of the prior inconsistent statements because of the concession by defense counsel. See Bush v. United States, 9 Cir., 1959, 267 F.2d 483, 489; Ditrich v. United States, 10 Cir., 1957, 243 F.2d 729, 731; Chicago, M. & St. P. Ry. Co. v. Harrelson, 8 Cir., 1926, 14 F.2d 893, 896; People v. Schainuck, 1941, 286 N.Y. 161, 165–166, 36 N.E.2d 94, 96. Even if the rule were otherwise we could find no prejudicial error as there was no jury and Judge Levet said that as trier of the facts he did "not construe the impeachment process as affirmative proof of any kind against defendant." See Weaver v. United States, 9 Cir., 1954, 216 F.2d 23, 25; United States v. Morris, 2 Cir., 1959, 269 F.2d 100, 103, cert. denied, 361 U.S. 885, 80 S.Ct. 159, 4 L.Ed.2d 122.

We are grateful to Gerald Zuckerman, assigned counsel of the Legal Aid Society, for his assistance in presenting this appeal.

Affirmed.