THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FLOYD STAFFORD, Defendant-Appellant.

(No. 55400;

First District—February 1, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James N. Karahalios, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

In a two-count indictment, defendant was charged with theft and with possession of burglary tools. He waived trial by jury, was found guilty and sentenced to serve one to three years for theft and one to two years for possession of burglary tools. He appeals.

As to the conviction for theft, defendant makes no contention. As to the conviction for possession of burglary tools, he contends that (1) the count which charged the offense contained a material allegation which the evidence failed to prove, a failure that requires reversal of the conviction; (2) it was error for the trial judge to impose two sentences, the

evidence having proved that the two crimes were committed at the same time and arose out of the same conduct. There is no dispute concerning the facts.

On April 22, 1969, at about 2:45 to 3:00 P.M., Albert Hale parked his 1968 American Rambler station wagon near the Allied Radio Store at 1600 West Ogden Avenue in Chicago. In the car were a camera case containing optician's tools and a Concord AM/FM portable radio-recorder. Hale locked the doors and windows of the car and went into the store. A few moments later, two plain-clothes policemen, in an unmarked car, were driving northeast on Ogden. One officer saw defendant break a vent window of Hale's station wagon. The two policemen drove a short distance, reversed their direction and returned to Hale's car. They saw defendant coming out of it, carrying objects. The two policemen followed defendant, stopped him a short distance away and found in his possession the camera case and the radio-recorder. He was returned to the car and the two items were returned to Hale. Defendant was searched. On his person were found a screwdriver and a bent coat hanger.

At defendant's trial, one of the officers testified. He was not questioned about the screwdriver and its possible use as a burglary tool. Concerning the bent coat hanger, he was asked if in his experience he had seen "similarly shaped coat hangers" and had learned what they were used for. He answered, "Either to pop a button, the lock button on the door of the car or to reach in and open a vent window to pull up on the handle."

This evidence is the basis of defendant's first contention. He argues that he was charged with possession of burglary tools with intent to enter into a building, with intent to commit a theft therein; and that the tools were suitable for breaking into buildings. He insists that this was a material allegation concerning intent, a mental state. He points to the evidence in the record: the testimony of the police officer which touched only on the bent coat hanger and its utility as a means of breaking into cars. This evidence, defendant argues, did not prove what was alleged in the indictment: that he had possession of burglary tools with intent to break into a building and with intent to commit theft in a building.

To meet this contention, the State argues "[t]hat the word 'building' in this indictment is an immaterial matter or averment and may be rejected as surplusage." The State insists that possession of burglary tools is a crime that requires a general intent to use tools for a criminal purpose. In support of this argument, the State relies on *People v. Figgers,*

23 Ill.2d 516, 179 N.E.2d 626 and *People v. Taranto,* 2 Ill.2d 476, 119 N.E.2d 221.

In *Figgers,* a burglary indictment contained allegations that property stolen in the burglary belonged to the corporation which owned the burglarized building. It was proved, however, that another corporation owned the stolen property. The court held that allegations concerning ownership of the stolen property were not material to the burglary charge and could be treated as surplusage. In *Taranto,* defendant was charged with possession of burglary tools with intent to break into a named apartment, and with attempt to commit burglary of that same apartment. On appeal it was argued that the prosecution failed to prove defendant intended to break into the particular apartment. The court held that the allegation which said defendant intended to break into a particular dwelling was not a "material" averment; and failure to prove it did not warrant a reversal. These cases are obviously inapposite. They do not dispose of defendant's contention. Neither *Figgers* nor *Taranto* was a case in which a material allegation of a charge was not proved.

■■ A material allegation in a criminal pleading is one which is essential to the crime or cause of action and which cannot be stricken without leaving the pleading insufficient. (See *People v. Taranto,* 2 Ill.2d 476, 482, 119 N.E.2d 221.) In this case, the allegation that defendant possessed burglary tools "[w]ith intent to enter into a building, and with intent to commit a theft therein * * *" described defendant's alleged mental state; that is, the intention with which he had possession of the tools.

■■ The statute on possession of burglary tools provides that "[w]hoever possesses any * * * tool * * * suitable for use in breaking into a building, * * * or any depository designed for the safekeeping of property, or any part thereof, with intent to enter any such place and with intent to commit therein a felony or theft * * *" shall be punished accordingly. (Ill. Rev. Stat. 1969, ch. 38, par. 19-2.) Obviously, the intent with which the accused has possession of the tools is an integral part of the defined offense. When intent is part of an offense, it must be alleged. (*People v. Lewis,* 319 Ill. 154, 149 N.E. 817.) An indictment that does not contain an allegation concerning intent when intent is an element of the offense is fatally defective. (*People v. Matthews,* 122 Ill.App.2d 264, 258 N.E.2d 378.) Thus, the description of defendant's alleged mental state in the indictment was a material allegation. Being material, it had to be proved. (*People v. Mosby,* 25 Ill.2d 400, 185 N.E.2d 152.) Failure to prove a material allegation is fatal to a judgment of con-

viction. *People v. Tassone*, 41 Ill.2d 7, 11, 241 N.E.2d 419; *People v. Walker*, 7 Ill.2d 158, 130 N.E.2d 182.

■■ These principles compel us to conclude that neither the word "building" nor any other part of the allegation that described defendant's intent could have been stricken without leaving that count of the indictment insufficient. Therefore, the State had to prove, beyond a reasonable doubt that, as alleged, defendant had possession of burglary tools with intent to break into a building and with intent to commit theft therein. The evidence failed to do this. The one question asked the police officer concerning the tools elicited only evidence that the bent coat hanger was ordinarily used to break into cars. This failure of proof is fatal to defendant's conviction under the count that charged possession of burglary tools. For these reasons, the conviction must be reversed and the cause remanded. This makes unnecessary a discussion of defendant's second contention.

Accordingly, defendant's conviction of theft is affirmed; defendant's conviction of possession of burglary tools is reversed and the cause is remanded for such further proceedings as the trial court may determine, consistent with the views expressed in this opinion.

Affirmed in part, reversed in part and remanded.

STAMOS, P. J., and SCHWARTZ, J., concur.