THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY
HEARAN, Defendant-Appellant.
First District (1st Division)   No. 60211

Opinion filed March 25, 1976.

Nathaniel R. Howse, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Henry Hearan (defendant), Ike Taylor and Ronald Lawson were indicted for attempt murder (Ill. Rev. Stat. 1969, ch. 38, par. 8—4) and on three counts of aggravated battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—4). Defendant Hearan was tried before a jury and Ike Taylor and Ronald Lawson were simultaneously tried by the court without a jury. The trial court found Lawson not guilty on all charges. Taylor was found guilty on all counts. The jury found defendant guilty of all charges. Defendant and Taylor were each given concurrent sentences of 10 to 20 years for attempt murder, 8 to 10 years on one of the aggravated battery counts and 3 to 5 years on another. The defendant has appealed.

In this court, defendant contends there was error when the court refused to allow defendent to reopen the case to impeach a key prosecution witness; the court erred when it permitted exhibition to the jury of the wounds received by the victim; the manner of conducting the trial denied defendant a fair trial; defendant was not proven guilty beyond a reasonable doubt; the sentences were excessive and the court erred in imposing sentences for crimes which arose from the same conduct.

■■ Counsel for the parties failed to inform the court that the appeal of Ike Taylor was previously and separately heard in this court. (See *People v. Taylor*, 25 Ill. App. 3d 396, 323 N.E.2d 388.) In the *Taylor* opinion, the convictions for aggravated battery were reversed and the sentences thereon vacated and the conviction and sentence for attempt murder were affirmed. The *Taylor* opinion contains a full and complete summary

of the evidence in the case; therefore, we need not repeat the testimony here. As regards the defendant here involved, we reach the same result expressed in *Taylor* and conclude that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. Defendant here attacks the testimony of the victim himself and of his mother as being unreliable. In our opinion, this identification testimony was reliable and sufficient to prove guilt beyond a reasonable doubt. On the other hand, the alibi evidence presented by defendant was discredited to a great extent by rebuttal testimony.

Defendant contends that he was prejudiced by the manner in which his trial was conducted. Defendant points out that the jury heard all of the evidence against both codefendants, Lawson and Taylor, brought out by the State. The jury was excused for cross-examination of the State's witnesses by counsel for the codefendants although it did hear all of the cross-examination by counsel for defendant. Similarly, the jury did not hear the defenses presented by Lawson and Taylor who were tried by the court without a jury. Defendant now claims that this procedure amounted to an improper severance which was error under the authority of *People v. Bradley*, 30 Ill. 2d 597, 198 N.E.2d 809.

The first witness for the State was Albert Harris, the victim. After his testimony on direct, counsel for defendant Hearan suggested that the cross-examination by the codefendants be conducted outside of the presence of the jury and that she cross-examine last before the jury. After further discussion, her suggestion was adopted and the jury was excused during cross-examination by counsel for both codefendants. Counsel for defendant conducted her cross-examination on the next morning. No objection to this procedure was made by any of the three counsel for defendant and codefendants. Similarly, no counsel objected at other points in the trial when the jury was not present at cross-examination of People's witnesses by counsel for the two codefendants or at certain testimony received in behalf of the two codefendants. The point is therefore waived. *People v. Howell*, 60 Ill.2d 117, 120, 121, 324 N.E.2d 403.

In addition, in our opinion, the point lacks merit. As the trial court brought out in hearing the defendant's motion for new trial, codefendant Lawson was acquitted in part because of testimony which the trial court felt would have been incriminating and prejudicial against defendant. The court therefore adopted this procedure to insure defendant a fair trial without objection by any counsel and in pursuance of the suggestion by counsel for defendant made prior to her cross-examination of the victim.

Defendant urges that evidence heard by the court out of the presence of the jury which resulted in the Lawson acquittal might have resulted in a verdict of not guilty. The observations made in *Taylor* apply here. The differences there pointed out between the testimony of identification wit-

nesses Harris (the victim) and Clementine White (his mother) regarding Taylor and Lawson apply with equal force to their testimony regarding defendant and Lawson. *People v. Bradley,* 30 Ill.2d 597, 198 N.E.2d 809, the only authority cited by defendant in this connection is not applicable for the same reasons advanced in *Taylor.* 25 Ill. App. 3d 396, 405, 406.

■■ This same reasoning applies to the contention of defendant that the type of confusion regarding the police report which existed in the State's case against codefendant Lawson existed in the case against him. We reject this contention. We do not find any testimony heard by the court and not by the jury that would or even might reasonably have assisted defendant here particularly in view of the strong identification of defendant by two witnesses as well as the weakness of his discredited alibi testimony.

Defendant claims error because of alleged refusal of the trial court to permit his impeachment of a prosecution witness. Albert Harris, the complaining witness, was asked by counsel for defendant on cross-examination whether or not he had testified at a preliminary hearing that he had lost his eyesight after being struck by a blast from a shotgun. On direct examination he had testified that after the blast he "saw fire" from defendant's pistol. The witness responded that he did not remember giving this testimony at the previous hearing. Thereafter rebuttal testimony was heard and all parties rested. Defendant then moved the court to reopen the case for his introduction of a transcript of the prior testimony of Harris. The court denied this motion but told defendant's counsel that she could argue before the jury the fact that Harris had stated that he did not remember his previous testimony. Defendant's counsel availed herself of this opportunity. On the motion of defendant's counsel and over objection by the State, the court gave the jury the instruction from IPI-Criminal regarding their right to consider evidence that on a former occasion a witness made a statement inconsistent with his testimony. IPI-Criminal 3.11.

In our opinion, the matter of reopening a case for further evidence is one within the discretion of the trial court. There are often instances in which some procedural step is overlooked by counsel. These matters must be decided by the trial court with promptness. Also the reviewing court may not have before it all of the factors which impelled the particular ruling by the trial judge. Consequently, the principle that these various rulings are within the discretion of the court is sound and necessary. For example, in *People v. Fox,* 48 Ill.2d 239, 250, 269 N.E.2d 720, the trial court refused to reopen a case to permit the defendant to make a motion to strike a portion of the testimony of a witness. The Supreme Court held that this was discretionary with the court and that denial of the motion did not constitute an abuse of discretion.

■■ The same principle is expressed in *People v. Davis*, 126 Ill. App. 2d 114, 261 N.E.2d 428, *leave to appeal denied*, 44 Ill.2d 584, cited by defendant. There, defendant cross-examined a policeman and read the witness some statements from his report which were inconsistent with his testimony. Defendant later sought to reopen his case to introduce these reports. Denial of the motion by the trial court was held not to constitute an abuse of discretion because the inconsistent material had been brought before the jury and presented to them by defense counsel in his closing argument. In *People v. Davis*, 118 Ill. App. 2d 93, 254 N.E.2d 610, cited by defendant, this court held that the trial court did not abuse its discretion when it permitted the State to reopen the case to make proof of the names of the owners of a shop which had allegedly been burglarized. Therefore we conclude that the ruling of the trial court in the instance before us did not constitute an abuse of discretion.

The complaining witness, Albert Harris, was the victim of an attempted assassination. He was badly injured on various parts of his body and was permanently blinded as a result of the assault. The trial court permitted him to indicate to the jury wounds he had received in his neck, face and the right side of his body. The defense stipulated that there were scars on his legs which were not then exhibited to the jury. Defendant objected to this procedure and claims that this exhibition of the scars and disfigurement to the jury was so prejudicial as to deny a fair trial. In overruling the objection of defendant, the trial court stated that in view of the blinded condition of the complaining witness, which was necessarily obvious to all the jurors, exhibition of the scars could hardly be deemed inflamatory.

■■ Defendant cites *People v. Nickolopoulos*, 25 Ill.2d 451, 185 N.E.2d 209. There, the Supreme Court held that display of the scars of the victim was merely inflamatory and was not relevant to the proof of guilt. In that case, the only charge was assault with intent to commit murder. In the case before us defendants were charged with aggravated battery that caused great bodily harm and also permanent disability or disfigurement. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4.) Consequently, it was not only legitimate but essential to exhibit defendant's wounds to prove these elements of the offense. This court has previously held that where the nature or seriousness of the injury inflected is an issue, no error is committed by display of these injuries to the jury. (*People v. Britt*, 22 Ill. App. 3d 695, 318 N.E.2d 138.) Along these same lines, photographs which have probative value will be received in evidence and are competent even though they are gruesome in their aspect. *People v. Henenberg*, 55 Ill. 2d 5, 13, 14, 302 N.E.2d 27.

■■ Two further contentions of defendant remain to be considered. The issue of severity of sentence now urged by defendant here was con-

sidered and rejected in *Taylor*. The reasons stated there are, in our opinion, applicable here and accordingly the sentence will not be reduced.

■■ As regards the convictions on the two counts of aggravated battery, the State has conceded here that there is a duplication in that all of the offenses here charged arose out of the same conduct. Accordingly, as was done in *Taylor*, both convictions for aggravated battery are reversed and the sentences thereon vacated and the conviction and sentence for attempt murder are affirmed.

Judgment affirmed in part; reversed in part and vacated in part.

BURKE and O'CONNOR, JJ., concur.