THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL LENHART, Defendant-Appellant.

Third District    No. 80-153

Opinion filed November 26, 1980.

Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant appeals from a conviction for the offense of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), on the ground that the penalty prescribed (Ill. Rev. Stat. 1979, ch. 38, par. 33A—3) is unconstitutionally severe.

The conviction arises from an incident that occurred in the early morning hours of September 15, 1979. On the evening of September 14, the defendant was involved in a fight with some men at a tavern. He had taken to carrying a .357 magnum revolver in his car after previous altercations with these men. That night, he and a companion drove through the streets of Joliet, shooting out street lamps. Joliet Police Officer Larry Knott, who was on a special surveillance assignment for the burglary unit, heard shots and began to follow the car in which the defendant rode. Office Knott was dressed in plain clothes and was driving his personal automobile at the time.

The defendant feared that the men with whom he had fought that

night were following him. He exited the car, armed with his revolver. The car was then driven haltingly up the street by the defendant's companion. As Officer Knott drove past the defendant, he said, "Police, tell your buddy to stop." The defendant was then standing some five feet to the left of Officer Knott's car. The defendant then opened fire with his revolver, shooting out the rear window of Officer Knott's car and damaging the car's roof, trunk, interior roof, and steering wheel. Officer Knott was struck by flying glass. Upon being struck by the breaking glass, Officer Knott lowered himself onto the front seat and sped away. Four shots struck the car and, according to Officer Knott, as many as six or seven shots were fired. The defendant was arrested some seven hours later.

The defendant was charged with three offenses and was tried by a jury. A verdict was directed in favor of the defendant on the charge of armed violence based on intimidation. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—2 and 12—6.) The jury acquitted the defendant of the charge of attempt (murder). (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4 and 9—1.) The defendant was convicted of the crime of armed violence based on criminal damage to property. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—2 and 21—1.) He was sentenced to 12 years imprisonment. The defendant has had 37 convictions.

Armed violence is a Class X felony, if the dangerous weapon with which the defendant is armed is a firearm, stungun or taser, or a knife with a blade over 3 inches. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—3 and 33A—1.) Armed violence, where the defendant is so armed, is punishable by a sentence of imprisonment of not less than 6 nor more than 30 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).) Probation, periodic imprisonment, or conditional discharge are not available Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2)(C).

The defendant contends "that the armed statute is unconstitutional because the mandatory minimum penalty of six years for his conduct does not reasonably relate to the seriousness of the offense of criminal damage to property and many of the other offenses encompassed by the armed violence statute." He asserts that the legislature has here fixed a penalty in contravention of "the constitutional proscription which prohibits the deprivation of liberty without due process of law as well as the constitutional proscription that a penalty may not be so disproportionate to the seriousness of the offense that it shocks the moral sense of the community. *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029." He cites us to article I, section 11 of the Illinois Constitution, which provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." In addition, he cites the eighth and fourteenth Amendments

to the United States Constitution, which prohibit cruel and unusual punishment. "Simply put," the defendant argues, "the punishment does not fit the crime when it is the same as that for a crime which the average man would regard as far more serious."

The present armed violence statute, effective as of February 1, 1978, states: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.) The felony, which this defendant committed while armed, was criminal damage to property in excess of $150. (Ill. Rev. Stat. 1979, ch. 38, par. 21—1.) It is a Class 4 felony, for which the penalty is from 1 to 3 years imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(7)), with the possibility of probation, periodic imprisonment or conditional discharge. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(b).) The actual amount of damage to Officer Knott's car was in excess of $500.

The defendant argues that the imposition of a minimum term of six years imprisonment would be excessive for certain activities that might fall within the language of the armed violence statute. If a defendant were charged with a crime which is criminal or feloniously criminal only because of the use of a weapon, and the charge were further enhanced to a Class X felony under the armed violence statute by virtue of the presence of that same weapon, the application of the statute to that case might well be unconstitutional. If the severe penalty for armed violence were imposed in a case in which the defendant was armed while committing a felony, but in which the weapon played no role in the crime itself, we might also find a constitutional deficiency in the application of the act. For example, a defendant who, while armed, commits perjury (Ill. Rev. Stat. 1979, ch. 38, par. 32—2) or bribery (Ill. Rev. Stat. 1979, ch. 38, par. 33—1) might have a valid constitutional objection to conviction under the armed violence statute. There might also exist a constitutional inadequacy in the imposition of a Class X penalty for the felony of criminal damage to property in excess of $150 where the presence of a weapon is merely incidental to the commission of the crime. Those issues, however, are not before us now, and we need not speculate upon the State's interest in the imposition of the minimum six-year penalty in any of the cases hypothesized above.

Because of the danger to victims, bystanders, and law enforcement personnel posed by armed felons, the legislature chose to create the crime of armed violence and to severely punish its violators. The type of behavior engaged in by this defendant is clearly within the intended scope of this statute.

"The rule is well established that one who would attack a statute or ordinance as unconstitutional must bring himself within the class as to

whom the law is unconstitutional. (*City of Elmhurst v. Buettgen*, 394 Ill. 248.) A court will determine the validity of a statute or ordinance only in the light of the factual background presented by the record." (*Village of Itasca v. Luehring* (1954), 4 Ill. 2d 426, 430, 123 N.E.2d 312.) "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." (*Broadrick v. Oklahoma* (1973), 413 U.S. 601, 610, 37 L. Ed. 2d 830, 839, 93 S. Ct. 2908, 2915.) "Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute." *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 37 L. Ed. 2d 830, 841, 93 S. Ct. 2908, 2916.

The possible overbreadth of a statute does not serve to suspend the normal rule of standing in the criminal law outside of the area of first amendment and related rights.

> "[T]he Court has altered its traditional rules of standing to permit—in the First Amendment area—'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' *Dombrowski v. Fister*, 380 U.S., at 486. Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression."

*Broadrick v. Oklahoma* (1973), 413 U.S. 601, 612, 37 L. Ed. 2d 830, 840, 93 S. Ct. 2908, 2916.

> "Similarly, since freedom of travel is a constitutional liberty closely related to rights of free speech and association, [one] should not be required to assume the burden of demonstrating that Congress could not have written a statute constitutionally prohibiting [his] travel."

*Aptheker v. Secretary of State* (1964), 378 U.S. 500, 517, 12 L. Ed. 2d 992, 1005, 84 S. Ct. 1659, 1669-70.

As the rights to free speech and association are in no way abridged by the armed violence statute, we see no reason to suspend the normal rules of standing in this case.

Under the facts of this case, the behavior of the defendant was sufficiently serious to justify the penalty imposed. The sentence, therefore, does not "shock the conscience" of this court. We note that this was not a case in which the trial judge reluctantly imposed the minimum

sentence required by law upon the conviction of this defendant for armed violence. Instead, because of the seriousness of defendant's conduct and the defendant's long criminal record, the trial judge properly exercised his discretion to impose a greater sentence than the minimum demanded by the statute.

The defendant maintains that the "punishment does not fit the crime when it is the same as that for a crime which the average man would regard as far more serious." The defendant points out that he was acquitted of attempt (murder), now a Class X offense (Ill. Rev. Stat. 1980, ch. 38, par. 8—4(c)(1)), and at the time of defendant's criminal act punishable by a sentence not to exceed that of a Class X offense (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c)(1)). A conviction for attempt murder requires a finding that the defendant intended to kill his victim. The jury's acquittal of the defendant for attempt (murder) appears to imply, under the facts of this case, that the State failed to prove that the defendant intended to kill Officer Knott. However, that acquittal does not necessarily imply that the jury found that the defendant did not intend to do great bodily harm or that the defendant did not know that his acts created a strong probability of death or great bodily harm to Officer Knott or another. Either of these latter two states of mind would have been sufficient to support a conviction for murder had Officer Knott died as a result of defendant's attack. (See Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1) and (2).) Therefore, we cannot say that the penalty was disproportionate to those imposed for other crimes that might have arisen under similar circumstances.

■■ The defendant argues that, had the damage to Officer Knott's car been less than $150, the criminal damage to property would only have been a misdemeanor and the armed violence statute would not have been applicable at all. It is clearly within the State's power to maintain a distinction between misdemeanors and felonies (see *People v. Boucher* (1979), 75 Ill. App. 3d 322, 325, 394 N.E.2d 60), and such a distinction may be based upon monetary value (*Rummel v. Estelle* (1980), 445 U.S. 263, 269, 63 L. Ed. 2d 382, 397, 100 S. Ct. 1133, 1144). The legislature's decision to severely punish an armed individual who shows his disrespect for the law by committing a felony is not rendered irrational by its declining to similarly punish an armed misdemeanant.

■■ While we recognize that the present armed violence statute has certain deficiencies which might render it unconstitutional as applied to some cases, the rational and legitimate intent of the legislature was clearly met under the facts of this case. Therefore, we do not find the armed violence statute to be unconstitutional on its face, nor do we find its application in this case to be constitutionally impermissible.

For the reasons expressed in this opinion, the judgment of the Circuit Court of Will County is hereby affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.