THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LELAND BLACKWOOD, Defendant-Appellant.

Third District No. 3—84—0295

Opinion filed March 15, 1985.—Rehearing denied May 1, 1985.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Leland Blackwood, was convicted of the Class A misdemeanor of violating an order of protection (Ill. Rev. Stat. 1983, ch. 40, par. 2302—12(a)). On appeal, defendant challenges the sufficiency of the complaint charging the offense of which he was convicted. He also challenges the constitutionality of the criminal provisions of the Domestic Violence Act (Ill. Rev. Stat. 1983, ch. 40, pars. 2302—8(c)(1), 2302—12(a)). We affirm.

On June 20, 1983, the circuit court of Rock Island County entered an order of protection on behalf of Barbara Blackwood, defendant's ex-wife. The order directed defendant to refrain from "striking, threatening, harassing or interfering with the personal liberty in any fashion" of Barbara.

On February 10, 1984, Barbara filed a criminal complaint against defendant. The complaint alleged the entry of the order of protection and the terms thereof. The complaint further alleged that defendant had threatened and verbally harassed her.

On March 26, 1984, the cause was called for bench trial. Defendant made an oral motion to dismiss the complaint for failure to state an offense and lack of particularity to allow the defense to proceed. The court denied the motion for lack of a writing, untimeliness and because the complaint was sufficient to inform the defendant of the charge. The prosecution was then allowed to amend the complaint to add specific details for the benefit of the defense. The amended complaint set forth the time and place of the alleged violations as well as a recitation of the words constituting the threats and harassment. To wit:

> "*** Leland Blackwood started chasing Barbara Blackwood and yelled to Barbara Blackwood that she was a 'f---ing whore,' a dead bitch and that he had a plot waiting for her, and Leland Blackwood further stated to Barbara Blackwood that 'it's not over and he would get his chance.' "

At trial, Barbara testified essentially in accordance with the allegations of the amended complaint. Defendant denied the occurrence of the encounter. No other witnesses were called. Defendant was then convicted as charged.

Defendant argues that the complaint violated section 111—3(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a)(3)) in that no mental state was alleged. He further contends that the original complaint lacked sufficient specificity to state an offense.

■ Before addressing the merits of defendant's arguments, we

must first dispose of the State's contention that the procedural grounds cited by the trial court for the denial of the motion to dismiss should foreclose review on the merits. It is uncontroverted that the defendant challenged the sufficiency of the complaint in the trial court. While the challenge was not proper in form, the court passed upon the merits. Moreover, a complaint which does not charge an offense can be challenged for the first time on appeal. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Thus, defendant's challenge to the complaint is reviewable on the merits.

■ At the outset we reject any contention that the charge lacked specificity or was deficient in failing to state the "means used" in violating the protective order. The motion to amend the complaint was granted. The record reveals no objection to the motion or a request for a continuance to prepare to meet the specifics alleged in the amended complaint. The purported deficiencies in the original complaint were not incurable as in cases such as *People v. Allen* (1972), 8 Ill. App. 3d 176, 289 N.E.2d 467 (failure to allege a cognizable offense) or *People v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388 (failure to charge that a revolver was loaded in a prosecution for unlawful use of weapons). Furthermore, the complaint as amended satisfied due process and double jeopardy considerations by informing defendant of the specific acts for which a conviction against him was sought. In so holding, we decline to reach the question of whether a complaint which merely tracks the language of the order of protection sufficiently particularizes the offense to notify the accused of the charges against him. (*People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897.) Accordingly, the only issue remaining relative to the sufficiency of the complaint is the necessity of alleging a mental state.

■ Except in the case of an absolute liability offense, a person is not guilty of an offense unless he acts with either intent, knowledge, recklessness or negligence (Ill. Rev. Stat. 1981, ch. 38, par. 4—3(a)). From this, defendant concludes that mental state is an essential element of an offense. Thus, it is argued, failure to allege a mental state in the complaint constitutes an omission of an essential element of the offense in violation of section 111—3(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a)(3)). In support of this syllogism defendant cites cases reversing convictions for mob action where the charging instrument failed to allege a mental state. *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810; *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450.

■ Section 4—3 has been construed to mean that if the statutory definition of an offense refers to a particular mental state with which

the offense must be committed, then that mental state is an element of the offense which must be alleged (*People v. Mager* (1976), 35 Ill. App. 3d 306, 341 N.E.2d 389). However, where a particular mental state is not a part of the definition of an offense, it is possible that the charging instrument need not allege a specific mental state. For example, where the crime charged is such that it is virtually impossible for a person to commit it and not have a guilty mind, no mental state need be alleged (*People v. Clark* (1979), 71 Ill. App. 3d 381, 389 N.E.2d 911). Also, where the mental state of knowledge is implicit from the specific allegation of defendant's act as set forth in the charging instrument, it is beyond serious contention that defendant was sufficiently apprised of the crime charged. *People v. Shelton* (1969), 42 Ill. 2d 490, 248 N.E.2d 65.

■ In the case at bar, under either the original complaint or the complaint as amended, it cannot be seriously argued that the defendant was not informed that he was charged with a knowing violation of the order of protection. The defendant was charged with threatening and harassing his ex-wife. Even in day-to-day usage, these terms imply that the protagonist knowingly causes his victim to suffer undue distress. Add in the factor of defendant's knowledge that he was subject to an order which at the very least restrained him from unnecessarily inflicting himself upon his ex-wife and one is inexorably led to the conclusion that defendant's conduct as charged must have been knowing and wilful. In point of fact, it is highly doubtful that this court would affirm a conviction for threats or harassment unwittingly made. Thus, we conclude that mental state was not an element which had to be alleged in the complaint.

Defendant also challenges the constitutionality of the Domestic Violence Act. The crux of the argument is that the statutory language is so vague and overbroad that the possibility of criminal penalties thereunder necessarily chills certain constitutional rights.

■ The State contends that the defendant has waived this issue by failing to raise it in the trial court. In addition to this aspect of waiver, we also recognize that a constitutional challenge to this portion of the Act would have been appropriate upon initial entry of the order of protection. However, no appeal was taken from the original order. The defendant contends that since this is a pure question of law, we should entertain the question in spite of the failure to raise it below. We agree. Vagueness and overbreadth questions are dealt with by reference to judicial standards. Specific evidence or factual inquiry at the trial level would add nothing to the record which would facilitate proper resolution of the issues raised. Thus, we turn to the mer-

its of the challenge.

■ A statute is void for vagueness where it fails to adequately give notice as to what action or conduct is proscribed. (*People v. Vandiver* (1971), 51 Ill. 2d 525, 283 N.E.2d 681.) Failure to give adequate notice occurs where a person of reasonable intelligence must necessarily guess at the meaning of the statute. *Connally v. General Construction Co.* (1925), 269 U.S. 385, 70 L. Ed. 322, 46 S. Ct. 126.

■ There is little doubt that the terms employed in the Domestic Violence Act are vague to a certain extent. However, impossible and unrealistic standards of specificity are not required. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.) In addition to the language used, consideration is given to the legislative objective and the evil the statute seeks to remedy.

■ Considering all of the aforestated principles, we conclude that the statute is not unconstitutionally vague. The Domestic Violence Act contemplates the protection of a potential victim from the universe of physical and psychological abuses which only someone as close as a relative can inflict. A statute which has as its objective a safety net against such interferences cannot be expected to address every conceivable form of abuse. Thus, a certain measure of generality must be tolerated to give effect to the intended scope of the Act. Furthermore, "guesswork" engendered by the breadth of the language is not excessive. The subjectivity that doomed the laws challenged in *Coates v. Cincinnati* (1971), 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686, and *People v. Klick* (1977), 66 Ill. 2d 269, 362 N.E.2d 329, is not present there. In those cases, statutes phrased in terms of conduct calculated or intended to annoy others were held unconstitutionally vague. Obviously, an infinite variety of conduct might annoy some individuals but not others. Here, on the other hand, the statute is phrased in terms of conduct intended by one specific individual to inflict undue distress upon a specific individual or group of individuals. Thus, the scope of conduct which can be conceivably punished under the Act is greatly narrowed. In this regard, we are inclined to follow *People v. Parkins* (1979), 77 Ill. 2d 253, 396 N.E.2d 22. There, our supreme court upheld "An Act *** to prevent harassment by the use of telephone communications" (Ill. Rev. Stat. 1977, ch. 134, par. 16.4—1(2)) against a vagueness challenge. As we believe the range of punishable conduct to be narrower in the Domestic Violence Act context than in the telephone harassment context, we conclude *a fortiori* that the statute here is not unconstitutionally vague.

■ ■ The statute is also challenged for overbreadth. Defendant argues that the Act is impermissibly overbroad in that it may be

reasonably interpreted to prohibit constitutionally protected conduct (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294). Defendant submits that the proscription of threatening or harassing his ex-wife could be interpreted to chill his exercise of first amendment rights. This argument is devoid of merit. The only speech for which defendant could be reasonably punished under the Act is that form of expression which would not be subject to constitutional protection under any circumstances. (See, *e.g., People v. Holder* (1983), 96 Ill. 2d 444, 451 N.E.2d 831 (intimidation statute is constitutional).) The argument raised in defendant's brief concerning possible applications of the Act to innocent speech is equally unavailing. A statute is unconstitutionally overbroad when a *reasonable* interpretation might infringe upon protected expression. The examples proffered by defendant involve patently unreasonable applications of the criminal provisions of the Act. Thus, there is no serious threat to first amendment rights.

Accordingly, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

BARRY and SCOTT, JJ., concur.