THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBIN CAPSEL, Defendant-Appellant.

Third District   No. 3—85—0510

Opinion filed July 8, 1986.—Rehearing denied August 12, 1986.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the defendant, Robin Capsel, was convicted of four counts of unlawful use of firearms by a felon (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1), and sentenced to concurrent four-year terms of imprisonment. He appeals his convictions. We affirm.

The instant charges were based upon the defendant's knowing possession of a shotgun, a sawed-off baseball-bat bludgeon, and three pool-cue sections. In 1982, the defendant was convicted of the felony of unlawful possession of a controlled substance.

The defendant first argues that his convictions should be reversed as section 24—1.1 of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1), under which he was convicted, is so unreasonable as to violate both Federal and State due process. The State argues initially that the issue is waived. We address the merits, as the issue was preserved for appeal by the post-trial motion's assertion of due process failings of section 24—1.1.

Section 24—1.1 provides, in relevant part, that one who has been convicted of a felony and not granted relief from the section, commits a Class 3 felony if he knowingly possesses on or about his person or in his fixed place of business, *inter alia*, any bludgeon or any firearm or firearm ammunition. Ill. Rev. Stat. 1985, ch. 38, pars. 24—1.1, 24—1(a)(1).

The defendant's first argument comprises two subarguments. First, the defendant asserts that section 24—1.1 sweeps too broadly in including all individuals who have been convicted of a felony. Second, the defendant asserts that section 24—1.1 proscribes the possession of items, many of which are not inherently evil, without requiring a culpable mental state.

The State responds that the defendant has not shown that section 24—1.1 is unconstitutional as applied to him. Alternatively, the State argues that section 24—1.1 is not unconstitutional. We agree with the State's former position.

To attack a statute as unconstitutional, one must bring himself within the class as to whom it is unconstitutional. (*People v. Lenhart* (1980), 90 Ill. App. 3d 502, 413 N.E.2d 220.) A court will examine the validity of a statute only in light of the facts of record. 90 Ill. App. 3d 502, 413 N.E.2d 220.

The instant facts do not support a finding that section 24—1.1 is unconstitutional. The defendant was convicted of a felony less than three years before the instant offenses. The items which he, a recent former felon, knowingly possessed in violation of section 24—1.1 were a shotgun and four bludgeons, items useful only as weapons. Even if

the statute were considered overbroad, as applied under these circumstances it is not unconstitutional. Rather, here it is a reasonable method for protecting the reasonable public interest in prohibiting at least certain convicted felons from knowingly possessing a weapon. See *People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676.

■ The defendant's second argument is that he was denied equal protection and due process as his possession of a shot gun was prosecuted under section 24—1.1 rather than under section 24—3.1 of the Code. Additionally, the defendant claims that the statutory scheme comprising those two sections was an improper legislative delegation violating the doctrine of separation of powers by giving the prosecutor unlimited discretion to choose between the two sections.

Section 24—3.1, unlawful possession of firearms and firearms ammunition, provides, in relevant part, that one who has been convicted of a felony commits a Class A misdemeanor when he has any firearm or firearm ammunition in his possession. Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(3).

Proof that the defendant's firearm possession was a violation of section 24—1.1, or of section 24—3.1, required satisfaction of identical elements of proof. However, violation of section 24—1.1 was punishable as a Class 3 felony while violation of section 24—3.1 was punishable as only a Class A misdemeanor.

We choose to address the defendant's arguments raised for the first time on appeal. *People v. Blackwood* (1985), 131 Ill. App. 3d 1018, 476 N.E.2d 742.

The defendant presents no direct authority that due process and separation of powers violations invalidate the instant statutory scheme or that prosecution of the instant firearms count under section 24—1.1 was a constitutional violation. Rather, he relies first on cases where, in approving the prosecutor's discretion to elect between statutes with different punishments, the court noted that opposing statutes in question require different elements of proof. (*People v. Barlow* (1974), 58 Ill. 2d 41, 317 N.E.2d 49; *People v. Gordon* (1976), 64 Ill. 2d 166, 355 N.E.2d 3; *People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169.) Second, he relies upon the dissenting opinion in *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.

In *McCollough*, the court examined a statute which allowed that a homicide caused by reckless driving could be charged, on one set of allegations, either as involuntary manslaughter punishable by a maximum of 10 years' imprisonment, or as reckless homicide punishable by fine or a maximum of 5 years' imprisonment. The court rejected arguments that the statutory scheme granted undue discretion to the pros-

ecutor and that it was invalid for its delegation of authority to the jury or trial judge. The court held that the statutory scheme included no due process or equal protection violations.

The State relies on *United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198, in arguing that the instant statutory scheme represents no violation of due process, equal protection, or separation of powers. In *Batchelder,* the United States Supreme Court constitutionally approved the defendant's conviction under the more harshly punished of two statutes which prohibited identical conduct.

We find *Batchelder* applicable to this case, and we find no reason to deviate from the supreme court majority's reasoning in *McCollough.* Furthermore, we find no reason to restate the reasoning of those cases at length. Under *Batchelder* and *McCollough,* the instant statutory scheme does not violate equal protection, provides no undue discretion to the prosecution, and does not invalidly delegate authority. Likewise, the defendant's firearms prosecution involved no deprivation of due process or equal protection.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.