THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMY R. ROGERS, Defendant-Appellant.

Third District   No. 3—89—0716

Opinion filed January 10, 1991.

Dan Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Elizabeth A. Klug, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Jimmy Rogers, appeals from the trial court's dismissal of his petition for post-conviction relief. We affirm.

Jimmy Rogers was charged with criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1) and armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2) based upon criminal damage to property. The charges arose from an incident wherein defendant fired six shots into a hotel room door. Defendant pleaded guilty to the charge of armed violence, while the State dropped the charge of criminal dam-

age to property. Defendant was then sentenced to an eight-year term of imprisonment.

No direct appeal was taken from the guilty plea or sentence. However, defendant filed a post-conviction petition, which the trial court dismissed as frivolous. This appeal followed.

■■ Defendant contends that the offense of armed violence cannot constitutionally be predicated on the offense of criminal damage to property; therefore, according to defendant, his armed violence conviction is void and must be vacated by this court. The State contends that the issue was waived because the defendant raised the issue for the first time in this appeal. We disagree with both contentions. See *People v. Christy* (1990), 139 Ill. 2d 172, 176, quoting *People v. Bryant* (1989), 128 Ill. 2d 448, 454 (" 'a constitutional challenge to a statute can be raised at any time' ").

■■ ■ A person commits armed violence when he commits any felony while armed with a dangerous weapon. (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2.) By making this offense a possible Class X felony (see Ill. Rev. Stat. 1989, ch. 38, par. 33A—3), the legislature intended not only to punish the criminal and protect society from him but also to deter criminals from carrying weapons while committing felonies. (*People v. Alejos* (1983), 97 Ill. 2d 502, 509; *People v. Biesiada* (1990), 201 Ill. App. 3d 39, 44.) The crime of criminal damage to property has already been found to be a proper predicate felony for an armed violence conviction. (See *People v. Kerans* (1982), 103 Ill. App. 3d 522; *People v. Lenhart* (1980), 90 Ill. App. 3d 502.) Defendant argues, however, that we should reexamine the applicability of the armed violence section to actions involving criminal damage to property in light of several supreme court decisions issued since the *Kerans* opinion which have found various offenses to be improper predicates for armed violence. (See *People v. Fernetti* (1984), 104 Ill. 2d 19 (involuntary manslaughter); *Alejos*, 97 Ill. 2d 502 (voluntary manslaughter); *People v. Wisslead* (1983), 94 Ill. 2d 190 (unlawful restraint).) We find these cases distinguishable. The court in *Fernetti* and *Alejos* found the predicate felonies involved improper because of the improbability that the armed violence statute would deter someone who would commit those crimes from using a dangerous weapon. (See *Fernetti*, 104 Ill. 2d at 24-25.) Involuntary manslaughter is, by definition, unintentional in nature (*Fernetti*, 104 Ill. 2d at 25); voluntary manslaughter, by definition, is "an unpremeditated crime, induced by sudden fear or duress and committed without time for proper reflection." (*Alejos*, 97 Ill. 2d at 507.) We have no such involuntary action involved in the case before us. Defendant stepped out of a van and fired six shots

into the hotel room door. His actions were premeditated and voluntary. The deterrent purpose of the armed violence statute can be achieved by applying that offense to the predicate felony of criminal damage to property. Therefore, *Fernetti* and *Alejos* are inapplicable.

We similarly find defendant's reliance on *Wisslead* to be misplaced. The defendant in *Wisslead* was charged with armed violence based on unlawful restraint. The supreme court there compared the aggravating effect of the use of a handgun on unlawful restraint, a Class 4 felony, and kidnapping, a more serious Class 2 felony. The handgun transformed the unlawful restraint to a Class X felony (armed violence predicated upon unlawful restraint), while the gun transformed the more serious kidnapping only to a Class 1 felony (aggravated kidnapping). Thus, because of the presence of a weapon, a lesser crime was punished more severely than a more serious crime. The supreme court determined that the statutory classification of the offenses was unconstitutionally disproportionate. (*Wisslead*, 94 Ill. 2d at 194-96.) The legislature has since amended the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 1—1 *et seq.*) by adding the offense of aggravated unlawful restraint (Ill. Rev. Stat. 1989, ch. 38, par. 10—3.1). This court has held that this amendment cured the constitutional defect recognized in *Wisslead*. See *People v. Bloyer* (1990), 200 Ill. App. 3d 872.

In the case before us, defendant contends that it is similarly unconstitutional to punish criminal damage to property, enhanced by the use of a dangerous weapon, as a Class X felony. Defendant cites several other offenses, including involuntary manslaughter (Ill. Rev. Stat. 1989, ch. 38, par. 9—3), arson (Ill. Rev. Stat. 1989, ch. 38, par. 20—1), aggravated battery of a child (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.3), and criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13), none of which are Class X felonies, and argues that it is irrational to punish these crimes less severely than shooting a hotel room with a gun. However, this argument is a *non sequitur*. The *Wisslead* court compared two related offenses and the effect that possession of a dangerous weapon by a defendant had on each. Here, defendant compares several unrelated and fundamentally different offenses, unenhanced by possession of a weapon, to another offense which by definition is enhanced by use of a weapon. The comparison is ineffective. Defendant also neglects to mention that, with the exception of involuntary manslaughter, which we have already discussed, the other offenses cited would be punished as Class X felonies if the offender carried a dangerous weapon while perpetrating the offense. (See Ill. Rev. Stat. 1989, ch. 38, par. 33A—2.) The legislature may have determined

that, for example, criminal sexual assault by itself is to be punished more severely than criminal damage to property. However, the legislature is not precluded from punishing more severely someone who damages property while carrying a dangerous weapon. It is the carrying of the weapon, in addition to the underlying offense, which the legislature is attempting to punish and deter. The statutory scheme producing this result is not unconstitutional.

Defendant finally contends that the predicate criminal conduct of an armed violence charge must be accompanied by felonious intent. Defendant then argues that criminal damage to property is "basically a misdemeanor" which becomes a felony only because the value of the property damage exceeds $300. Defendant states that he had no intent to do $300 worth of damage; it was only bad luck that the bullets he shot into the door were of an especially hard lead alloy that allowed the bullets to penetrate the door and damage additional property inside.

We disagree. Defendant's violent actions in this case are precisely the type of deliberate, premeditated and intentional actions the legislature sought to deter and punish when it enacted the armed violence statute. The exceptions found in *Fernetti* and *Alejos* were for offenses which, by definition, were involuntary or unintentional. We do not read these cases to require a *felonious* intent by the defendant, only a general intent that the act be committed. If that intent exists, and the defendant commits the offense while armed with a dangerous weapon, armed violence is a proper charge. In this case, defendant had the general intent to damage property while armed with a dangerous weapon. The requisite intent was present. Defendant's conviction was proper.

For these reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.