THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY BURNSIDE, Defendant-Appellant.

Third District   Nos. 3—90—0391, 3—90—0392 cons.

Opinion filed April 23, 1991.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, Terry Burnside, of unlawful use of weapons by a felon (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(a)). A second jury found the defendant guilty of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)). Thereafter, he was sentenced to prison terms of 5 and 15 years, respectively. He filed an appeal in both cases, and we subsequently consolidated the two appeals.

The defendant first argues that his conviction for unlawful use of weapons should be reversed and the cause remanded for a new trial. Specifically, he contends that statements made by the prosecutor during her rebuttal closing argument deprived him of a fair trial.

The record shows that pursuant to a search warrant, a number of police officers entered a residence in which the defendant and other family members resided. The search of an upstairs bedroom yielded such drug paraphernalia as cellophane packets, paper bags, plastic bags, a Seal-a-Meal packaging device, scales, and a notebook bearing names, monetary figures and slang terms for cocaine. The police also found cocaine, a handgun, and a shotgun in the bedroom.

During the course of the trial, the defendant's stepmother testified that the defendant and his brother, Brian, shared the room that was searched. She further testified that Brian had a significant problem with drugs.

The defendant also testified that he and his brother shared the bedroom. He stated that all of the drug paraphernalia, as well as the cocaine, was Brian's. He also stated that he had never seen the guns before.

Brian testified that he had put the cocaine, containers, packets, scale, and other drug paraphernalia in the bedroom while the defendant was sleeping there with a girlfriend. He also claimed that he placed the guns in the room. Brian acknowledged having a prior drug conviction.

During rebuttal closing argument, the prosecutor stated the following:

"[U]nder the laws of Illinois, there are certain disqualifications that follow you when you become a convicted felon in the State of Illinois. And one of the disqualifications is the law says after that time, you can't have any guns in your house, and you can't have any bullets in your house. That's the law. And that's all we are required to prove to you beyond a reasonable doubt. It's

not because I don't like Mr. Burnside. That's the law. If you are a convicted felon, you can't have guns and you can't have bullets. And if you have got them in your house, it's against the law."

Defense counsel immediately objected to these remarks, but the trial court did not sustain the objection or make any curative remarks. It merely informed the jurors that they would be instructed on the law. The jury was properly instructed that the offense required the State to prove that the defendant knowingly possessed the weapon. See *People v. Capsel* (1986), 144 Ill. App. 3d 1057, 496 N.E.2d 10.

During its deliberations, the jury sent the following questions to the court: "Clarification of the law: a person commits the offense of unlawful use of weapons by a felon when *he* has been convicted of a felony under the laws of the State and knowingly *has* in his own abode firearms and ammunition? Further explain '*he has.*' Does it mean possession? Does it mean access to it? Does it mean knowledge that it is present in the abode?" The court referred the jurors to their instructions.

On appeal, the defendant argues that the prosecutor's comments were a clear misstatement of the law and that they severely prejudiced him. As such, he contends that he is entitled to a new trial.

■ A prosecutor's improper remarks generally do not constitute reversible error unless they result in substantial prejudice to the accused. (*People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174.) In determining whether the prosecutor's comments constituted prejudicial error, the test employed is whether the jury would have reached a contrary verdict had the improper remark not been made. *People v. Witted* (1979), 79 Ill. App. 3d 156, 398 N.E.2d 68.

■ We agree with the defendant that the prosecutor's comments were misstatements of the law. In addition, we find that the comments amounted to prejudicial error since the jury could have reached a different result had the comments not been made. This is evidenced by the questions the jurors had regarding the concepts of knowledge and possession. Accordingly, the defendant is entitled to a new trial on the weapons charge.

The defendant next argues that his 15-year sentence for unlawful possession of a controlled substance with the intent to deliver should be vacated and the cause remanded for resentencing. Specifically, he contends that the trial court improperly relied upon the weapons conviction as a factor in aggravation.

■ An accused is entitled to reconsideration of his sentence where the court, in imposing the sentence, considered a prior conviction which was later reversed. *People v. Reynolds* (1982), 105 Ill. App. 3d 698, 434 N.E.2d 776.

■ Here, the record shows that the trial court did consider the defendant's weapons conviction in sentencing him. We are of the opinion that the case should be remanded for reconsideration of the defendant's sentence.

Accordingly, the judgment of the circuit court of Peoria County regarding the defendant's conviction for unlawful use of a weapon is reversed and the cause is remanded for a new trial. The defendant's conviction for unlawful possession of a controlled substance with the intent to deliver is affirmed, but the cause is remanded for resentencing.

Affirmed in part; reversed in part and remanded.

BARRY and GORMAN, JJ., concur.